**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL MARZETTE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SP PLUS CORPORATION, a Delaware corporation<br><br>Defendants. | ) | Case No. 1:20-cv-05119 |

**NOTICE OF REMOVAL**

Defendant SP Plus Corporation ("SP Plus") hereby removes this action, currently pending in the Circuit Court of Cook County, Illinois as Case No. 2020-CH-03691, to the U.S. District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1331. This Court has jurisdiction because Plaintiff Marzette's claims are completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Removal is timely under 28 U.S.C. § 1446(b)(1).

**BACKGROUND**

1. SP Plus is a Delaware corporation, whose lines of business include the management and operation of parking facilities throughout the Chicagoland area. On April 3, 2020, Plaintiff Michael Marzette ("Marzette"), on behalf of himself and others similarly situated, initiated this lawsuit against SP Plus in Cook County, Illinois, by filing a class action complaint ("Complaint"). *See* Complaint ("Compl."), attached hereto as Exhibit A.

2. On July 30, 2020, SP Plus was served with a copy of the summons and complaint in the State Court Action. *See* Ex. 2 (Summons) to Declaration of Brett Harvey ("Harvey Decl.") attached hereto as Exhibit B, ¶ 4.

3. By his Complaint, Marzette alleges that while he worked for SP Plus, the Company violated the Illinois Biometric Privacy Act, 740 ILCS 14/1 et seq. ("BIPA"), through the use of "fingerprint activated timeclocks" to accurately record his and other employees' working time. Compl. at ¶¶ 7, 19, 28-31. Marzette purports to bring claims under Sections 15(a) and (b) of BIPA, and seeks liquidated damages under BIPA for himself and a putative class, of either $1,000 or $5,000 for each BIPA violation. Compl. at ¶¶ 43-58.

**REMOVAL IS TIMELY**

4. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1). *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (time for filing a notice of removal does not begin to run until a party has been formally served). SP Plus was served on July 30, 2020. *See* Ex. 2 (Summons) to Harvey Decl., ¶ 4. Counting forward 30 days comes to Saturday, August 29, 2020, making the deadline for removal Monday, August 31, 2020. FED. R. CIV. P. 6(a)(2)(C).

**REMOVAL IS PROPER UNDER 28 U.S.C. § 1331**

5. Pursuant to 28 U.S.C. § 1331, removal is proper because Plaintiff's claims are completely preempted by Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, and therefore "arise under" federal law conferring federal question jurisdiction on this Court. *See Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust Fund of So. Cal.*, 463 U.S. 1, 24 (1983); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

6. Marzette was employed with SP Plus, which was previously known as Standard Parking Corporation, from August 8, 2002 to November 21, 2016. Harvey Decl., ¶ 5. Marzette also alleges that SP Plus began using the "biometric fingerprint timeclock system around the end of 2015." *Id.*, ¶ 30. Marzette worked as a cashier and customer service employee when SP Plus

allegedly instituted the subject timeclocks and remained in those positions until his employment ended in 2017. *Id*., ¶¶ 28, 29.

7. During all times relevant to this lawsuit, SP Plus has been a party to collective bargaining agreements (CBAs) with the Teamsters Local Union No. 727 ("Local 727"). *See* Harvey Decl., ¶¶ 6-7; Ex. 3 to Harvey Decl. (Labor Agreement, dated November 1, 2016 to October 31, 2021); Ex. 4 to Harvey Decl. (Labor Agreement, dated November 1, 2011 to October 31, 2016).[1]

8. Pursuant to the CBAs, which were ratified by Local 727's members, Local 727 has at all relevant times been the "sole and exclusive bargaining agent" for employees of SP Plus, including hikers, cashiers and customer service representatives. *See* Harvey Decl., ¶ 8; Ex. 3 and 4 to Harvey Decl. at § 1.1. As a customer service representative and a member of Local 727, Marzette's terms and conditions of employment have been governed by the CBAs. *See* Harvey Decl., ¶¶ 5-8.

9. The CBAs contain a broad "Management Rights" section. *See* Harvey Decl., ¶ 8. *See also* Ex. 3 and 4 to Harvey Decl. at § 21.1. In pertinent part, the CBAs provide that "[a]ll rights, powers, and authority customarily exercised by the Employer are retained and reserved by the Employer except as specifically modified by express provisions of this Agreement." *Id.* Additionally, the CBAs require SP Plus to accurately record employee work time, placing no limitations on the methods used to do so. *See* Harvey Decl., ¶ 8. *See also* Ex. 3 and 4 to Harvey Decl. at § 23.1

[1] As explained in the Harvey Declaration, the labor agreements (Ex. 3 and 4 to Harvey Decl.) are between Local 727 and Standard Parking Corporation f/k/a Standard Parking. Harvey Decl., ¶¶ 6-7. In December 2013, Standard Parking Corporation changed its name to SP Plus Corporation, and SP Plus stepped into Standard Parking Corporation's shoes with regard to the labor agreements. *Id*, ¶ 7.

10. The CBAs contain a "Grievance Procedure" that applies to all grievances by the Union or any employee "arising under or concerning the meaning, application, or compliance with the terms of this [CBA] . . . ." and requires all grievances to "first be taken up for adjustment by a representative of the Employer and a representative of the Union." *See* Harvey Decl., ¶ 8. *See also* Ex. 3 and 4 to Harvey Decl. at §§ 6.1-6.3. The "Grievance Procedure" culminates in arbitration that "shall be final and binding" conducted pursuant to the procedures of the Federal Mediation and Conciliation Service. *Id.*

11. In *Miller v. Southwest Airlines Co.*, 926 F.3d 898, 904 (7th Cir. 2019), the Seventh Circuit held that BIPA claims related to a finger scan time clock were preempted by federal labor law and ordered that the claims be dismissed to arbitration. It reasoned that a union may be an employee's "legally authorized representative" under BIPA and may consent on the employee's behalf to the collection and use of biometric data. *Id.* at 903. Therefore, it held that whether the unions "did consent to the collection and use of biometric data, or perhaps grant authority through a management-rights clause, is a question for an adjustment board. Similarly, the retention and destruction schedules for biometric data, and whether [employers] may use third parties to implement timekeeping and identification systems, are topics for bargaining between unions and management." *Id.* Then, concisely summarizing its rationale, the Seventh Circuit stated, "It is not possible even in principle to litigate a dispute about how an [employer] acquires and uses fingerprint information for its whole workforce without asking whether the union has consented on the employees' collective behalf. That's why this dispute must go to an adjustment board." *Id.*

12. Although *Miller* found the claims preempted under the Railway Labor Act (RLA), the decision applies with equal force under the Labor Management Relations Act (LMRA). In fact, the standard used to determine preemption under the RLA was borrowed from the LMRA. *See*

*Brown v. Illinois Central R.R. Co.*, 254 F.3d 654, 667 n.13 (7th Cir. 2001) (noting that the Supreme Court adopted the standard for addressing LMRA preemption to resolve claims of RLA preemption); *Miller*, 926 F.3d at 904 (relying on *Lingle*, a Supreme Court decision on LMRA preemption, in its analysis of RLA preemption); *Miller*, 926 F.3d at 904 (explaining that under the Supreme Court's LMRA and RLA precedent, "if a dispute necessarily entails the interpretation or administration of a collective bargaining agreement, there's no room for individual employees to sue under state law").

13. Consistent with the foregoing precedent, courts in the Northern District of Illinois have held that the LMRA equally preempts BIPA claims because such claims require interpretation of collective bargaining agreements. *See Fernandez v. Kerry*, Case No. 17-cv-08971, 2020 WL 1820521, at *5-6 (N.D. Ill. Apr. 10, 2020); *Gray v. The Univ. of Chi. Med. Ctr., Inc.*, Case No. 19-cv-4229, 2020 WL 1445608, at *4 (N.D. Ill. Mar. 25, 2020); *Peatry v. Bimbo Bakeries USA, Inc.*, Case No. 19-cv-2942, 2020 WL 919202, at *3 (N.D. Ill. Feb. 26, 2020).

14. Like the BIPA plaintiffs in *Miller*, *Kerry*, *Gray*, and *Peatry*, and as explained above, Plaintiff belonged to a union during his employment with SP Plus, and the terms and conditions of his employment have been governed by collective bargaining agreements. Like the agreements in *Miller*, *Kerry*, *Gray*, and *Peatry*, the collective bargaining agreements contain a broad management-rights provision and establish a grievance procedure which culminates in mandatory arbitration. Whether the management rights clause authorized use of the timeclock necessarily involves an interpretation of the collective bargaining agreement, which makes Plaintiff's claims completely preempted by Section 301. *Miller*, 926 F.3d at 904; *see also Fernandez*, 2020 WL 1820521, at *5-6; *Gray*, 2020 WL 1445608, at *4; *Peatry*, 2020 WL 919202, at *3.

**DEFENDANTS HAVE COMPLIED WITH ALL PREREQUISITES FOR REMOVAL**

1. Counsel for SP Plus certifies that a copy of this Notice of Removal is being filed with the Clerk of the Cook County Circuit Court, pursuant to 28 U.S.C. § 1446(d).

2. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon SP Plus in the State Court Action are attached hereto as Exhibit C, and copies are being served today on all Parties in accordance with 28 U.S.C. § 1446(d).

3. SP Plus reserves the right to amend or supplement this Notice of Removal, and reserves all rights and defenses, including those available under Federal Rule of Civil Procedure 12.

Dated: August 31, 2020

Respectfully submitted,

**SP PLUS CORPORATION**

By: */s/*

Melissa A. Siebert (*masiebert@shb.com*)
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
Fax: (312) 558-1195

*Attorneys for Defendant SP Plus Corporation*

**CERTIFICATE OF SERVICE**

I, Melissa A. Siebert, an attorney, hereby certify that on August 31, 2020, I caused a true and correct copy of **NOTICE OF REMOVAL** to be filed via the Court's Electronic Filing System. Notice of this filing will be sent by operation of the Court's Electronic Filing System to all parties of record:

Marc E. McCallister
mem@mcallisterlawgroup.com
Gary D. McCallister
GDM@mcallisterlawgroup.com
MCCALLISTER LAW GROUP
200 North LaSalle Street, Suite 2150
Chicago, Illinois 60601
Attorney No.: 59509

Steven L. Woodrow
swoodrow@woodrowpeluso.com
WOODROW & PELUSO, LLC
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Phone: (720) 213-0675
Fax: (303) 927-0809

*Attorneys for Plaintiff*

/s/ Melissa Siebert