# Exhibit A

Return Date: No return date scheduled
Hearing Date: 8/3/2020 9:30 AM - 9:30 AM
Courtroom Number: 2502
Location: District 1 Court
          Cook County, IL

FILED
4/3/2020 1:36 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH03691

FILED DATE: 4/3/2020 1:36 PM   2020CH03691

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

**MICHAEL MARZETTE,** individually, and
on behalf of all others similarly situated,

        *Plaintiff,*

*v.*

**SP PLUS CORPORATION,** a Delaware
corporation,

        *Defendant.*

Case No. 2020CH03691  9016515

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

**CLASS ACTION COMPLAINT**

Plaintiff Michael Marzette ("Marzette" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant SP Plus Corporation ("SP Plus" or "Defendant") for violating the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.* Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**INTRODUCTION**

1.      SP Plus is a corporation that claims to facilitate the efficient movement of people, vehicles and personal belongings with the goal of enhancing the consumer experience while improving bottom line results for its clients.[1] SP Plus provides parking facility management

---

[1] https://www.spplus.com

1

FILED DATE: 4/3/2020 1:36 PM   2020CH03691

services in the United States and Canada. Additionally, the Company provides management

services at multi-level and surface parking facilities in the urban and airport parking markets.[2]

2.      SP Plus employs over ten-thousand full-time employees. Plaintiff brings this class

action to put an end to SP Plus's invasions of privacy – specifically its collection, storage, and

subsequent use of its employees' fingerprint data without consent as required by BIPA.

3.      According to BIPA, "biometric information" is any information, regardless of

how it is captured, converted, stored, or shared, based on an individual's biometric identifier

used to identify an individual. "Biometric identifier" is defined as a retina or iris scan,

fingerprint, voiceprint, or scan of hand or face geometry.

4.      Biometric identification has become a common place in financial services, work

environments, and everyday life such as unlocking a phone with a fingerprint or facial scan.

With the rise of biometric scanning for personal information and data, Illinois enacted BIPA to

protect consumers from companies using and abusing their personal biometric data.

5.      Due to the rise of biometric-facilitated transactions in Illinois, the State enacted

BIPA. According to BIPA, "biometrics are unlike other unique identifiers that are used to access

finances or other sensitive information. For example, social security numbers, when

compromised, can be changed. Biometrics, however, are biologically unique to the individual;

therefore, once compromised, the individual has no recourse, is at heightened risk for identify

theft, and is likely to withdraw from biometric-facilitated transactions." 740 ILCS 14/5(c).

6.      To protect consumer and employee privacy rights in the face of increased

biometric-facilitated transactions, BIPA created a set of requirements that companies must

---

[2] https://www.bloomberg.com/profile/company/SP:US

adhere to **_prior_** to obtaining, storing, or using the biometric data in anyway. These requirements ban any use of biometric data unless the company first: (1) informs that person in writing that biometric information will be collected or stored; (2) informs that person in writing of the specific purpose and length of term for which such biometric information is being collected, stored and used; and (3) receives a written release from the person for the collection of his or her biometric information. 740 ILCS 14/15(b).

7.      Defendant used fingerprint activated timeclocks for employees to clock in and out of work. Plaintiff and Defendant's other employees were required to sign in and out using this fingerprint system. Plaintiff further alleges, that at no time during his employment he had ever authorized the collection and storage of his fingerprints for company use. Furthermore, Defendant does not provide its employees with a publicly available retention schedule or guidelines for permanently destroying their biometric information as expressly required by BIPA. 740 ILCS 14/15, *et seq.*

8.      Plaintiff brings this action individually and on behalf of proposed class in order to stop Defendant SP Plus's repeated violations of BIPA and to recover statutory damages for the unauthorized collection, storage, and use of their biometric information in violation of the BIPA.

## PARTIES

9.      Plaintiff Michael Marzette is a resident of Bellwood, Cook County, Illinois.

10.      Defendant SP Plus is a Delaware corporation headquartered in Chicago, Cook County, Illinois. Defendant conducts business throughout this District.

## JURISDICTION AND VENUE

FILED DATE: 4/3/2020 1:36 PM   2020CH03691

FILED DATE: 4/3/2020 1:36 PM   2020CH03691

11.     The Court has jurisdiction over this action pursuant to 735 ILCS 5/2-209(a)(1) because Defendant does and is registered to do business in this state and Plaintiff is a resident of Illinois.

12.     Venue is proper in this Court because Defendant is headquartered in and does business throughout Cook County, Illinois.

## COMMON ALLEGATIONS

**Biometric Information and the Illinois BIPA**

13.     As previously mentioned, a "biometric identifier" is any biological, personal feature that includes fingerprints, iris scans, DNA, facial features and voice, as well as others.[3]

14.     Under BIPA consumers' and citizens' privacy in regard to biometric information deserves enhanced protections in the face of certain technological advances. BIPA recognizes that "biometrics are unlike other unique identifiers that are used to access finance or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transaction." *Id.*

15.     To protect consumer privacy, BIPA that states:

No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

_____

[3] BIPA defines "biometric information" as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual. "Biometric identifier" means a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry. 740 ILCS 14/10. For the purposes of ease, biometric "information" and "identifier" may be used interchangeably for the remainder

4

(1) **informs** the subject of the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

(2) **informs** the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which biometric identifier or biometric information is being collected, stored, and used; and

(3) receives a **written release** executed by the subject of the biometric identifier or biometric information or the subject's legal authorized representative.

740 ILCS 14/15(b).

16.     BIPA also requires companies adopt a retention schedule for biometric

information, stating:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a)

17.     Defendant has engaged and continues to engage in the practice of collecting,

storing, and using its employees' biometric information without any informed written consent in

violation of all three requirements of Section 15(b). Additionally, in violation of Section 15(a),

SP Plus has failed to provide a publicly available written policy regarding its schedule and

guidelines for retention and permanent destruction of its users' biometric information.

**SP Plus Collects and Stores Current and Former Employees' Biometric Information
Without Informed Consent**

18.     SP Plus employs a large workforce that includes over 14,700 full-time employees

and 9,200 part-time employees.

5

FILED DATE: 4/3/2020 1:36 PM    2020CH03691

19.     Defendant tracks its employees hours to ensure that it's paying employees who are signing in and out themselves (and not having co-workers clock them in and out). Using technology that relies on and captures biometric data helps to ensure honesty when clocking-in and out of the business.

20.     While this is an effective way to save money for the corporation and shareholders, when done incorrectly it adversely effects the Plaintiff and alleged Class. Reckless storage of biometric data can result in the biometric information being stolen and used against the employees.

21.     In violation of BIPA, however, Defendant collects, stores, and uses its employees' biometric information without any express written consent and without providing a public retention schedule.

22.     Both of these actions violate BIPA. In violation of the first requirement under Section 15(b) of BIPA, SP Plus never expressly informed or informs its employees that it would collect, store, or use their biometric fingerprint information.

23.     Second, and again in violation of Section 15(b) of BIPA, SP Plus never informed its employees of the specified purpose or length for which their fingerprints would be collected, stored, and used. The only knowledge employees were given was the installation of the biometric fingerprint timeclock that they were instructed to use.

24.     Finally, in another violation of Section 15(b) of BIPA, SP Plus never received any written release from its members before it began to collect, store, and use their biometric information. Employees of SP Plus were merely shown the biometric fingerprinting timeclock and told to use it to clock-in and out. Employees were never told of the potential ramifications of

6

FILED DATE: 4/3/2020 1:36 PM   2020CH03691

the fingerprinting timeclock, including, how the data would be stored, how long it would be stored, and if they were *required* to use the timeclock. By all accounts, the use of the biometric timeclock was mandatory for employees, despite its collection of extremely valuable and personal information.

25.     Defendant SP Plus's intentional, reckless, or negligent failure to provide employees with: (i) the BIPA-required written notice that their biometric information would be collected, stored, and used; (ii) information regarding the specific time and purpose for which such biometric information would be stored; and (iii) to obtain its employee's express written release for the collection, storage, and use of their biometric information, all violated BIPA.

**SP Plus Fails to Provide a Publicly Available Written Policy Regarding the Retention and Destruction of Biometric Information**

26.     Defendant also violated Section 15(a) of BIPA's requirement to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information." 740 ILCS 14/15(a).

**FACTS SPECIFIC TO PLAINTIFF MICHAEL MARZETTE**

27.     Plaintiff Michael Marzette resides in Bellwood, Cook County, Illinois.

28.     Mr. Marzette began employment with Defendant SP Plus Corporation on or around August 8, 2002. Mr. Marzette was given the employee number 166018 by Defendant and worked at Midway Airport in Chicago, Illinois. He remained employed with Defendant until October 29, 2017.

29.     Mr. Marzette was employed as a hiker or customer service worker during his first two years with Defendant. For his remaining years, Mr. Marzette worked as a cashier and customer service employee.

FILED DATE: 4/3/2020 1:36 PM   2020CH03691

30.     According to Mr. Marzette, Defendant began using the biometric fingerprint timeclock system around the end of 2015. At no point during the remainder of Mr. Marzette's employment with Defendant did Defendant ever provide any of the statutorily-required authorizations or disclosures to Plaintiff, nor did Defendant ever obtain consent under BIPA to collect such information.

31.     Plaintiff's only knowledge of the fingerprinting timeclock was the installation and required use to continue his employment with Defendant.

32.     Plaintiff never provided any form of informed consent, in writing or otherwise, to Defendant allowing Defendant's collection, storage, and usage of his biometric information in the form of fingerprints.

33.     Finally, Plaintiff was never made aware of, and still cannot find, any publicly available retention schedule provided by Defendant for the retention and deletion of employees' biometric data.

## CLASS ACTION ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiff's BIPA Claims Arising From Collected, Stored, Captured, Or Used Biometric Data By Defendant SP Plus Corporation**

34.     Plaintiff brings this lawsuit pursuant to Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure on behalf of the following proposed class (the "Class"):

> **<u>Stored Biometric Data Class:</u>** All persons who, while residing in Illinois and employed by SP Plus Corporation, had their fingerprints collected, captured, stored, or otherwise used by SP Plus Corporation.

35.     Subject to additional information gathered through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

8

FILED DATE: 4/3/2020 1:36 PM   2020CH03691

36.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

37.     **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable due to the sheer size of Defendant's corporation and number of employees that may have been subjected to the collection of their biometric data. On information and belief, Defendant collected employee's biometric information in the form of fingerprints on its fingerprinting timeclock. Members of the Class can be identified through Defendant's employment records, and additional Members can be identified through discovering the extent that Defendant uses biometric scanners and timeclocks at each of their several locations throughout Illinois.

38.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

> (a) whether Defendant collected, captured, received, or otherwise obtained biometric identifiers or biometric information from Plaintiff and the Class;

9

FILED DATE: 4/3/2020 1:36 PM   2020CH03691

(b) whether Defendant informed Plaintiff and the Class before collecting, using, and storing their biometric identifiers or biometric information as required by Section 15(b) of the BIPA;

(c) whether Defendant informed Plaintiff and the Class of the specific purpose and the length for which a biometric identifier or biometric information is being collected, stored, and used as required by Section 15(b) of the BIPA;

(d) whether Defendant obtained a written release, as defined by the BIPA, from the Plaintiff and the Class to collect, store, and use their biometric identifiers or biometric information;

(e) whether Defendant used biometric identifiers to identify Plaintiff and the Class;

(f) whether Defendant provided a publicly available written policy establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometrics information, as required by Section 15(a) of the BIPA;

(g) whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently;

(h) whether Plaintiff and the Class are entitled to statutory damages under the BIPA and the correct measure for those damages; and

(i) whether Plaintiff and the Class are entitled to declaratory and injunctive relief.

39. **Typicality**. Plaintiff's claims are typical of the claims of the other members of the Class in that defendant collected, stored and used his biometric information without informed consent in the exact same manner as every other Class member.

40. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting

FILED DATE: 4/3/2020 1:36 PM   2020CH03691

this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

41.     **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## <u>FIRST CAUSE OF ACTION</u>
**Violations of Illinois Biometric Information Privacy Act, 40 ILCS 14/15(b)**
**(On Behalf of Plaintiff and the Class)**

42.     Plaintiff realleges and incorporates by reference the allegations contained in the aforementioned paragraphs of this Complaint and incorporates them by reference herein.

43.     Section 15(b) of BIPA states that a private entity may not, among other things,

> collect, capture, purchase, receive through trade, or otherwise obtain a person's or a consumer's biometric identifiers or biometric information, unless it first:

FILED DATE: 4/3/2020 1:36 PM    2020CH03691

>> (1)    informs the subject… in writing that a biometric identifier or biometric information is being collected or stored;
>> (2)    informs the subject… in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>> (3)    receives a written release executed by the subject of the biometric identifier or biometric information…

740 ILCS 14/15(b).

44.     SP Plus Corporation is a private entity under BIPA.  *See* 740 ILCS 14/10.

45.     Plaintiff and the Class members are individuals under BIPA. *See id.*

46.     SP Plus Corporation collected, captured, and obtained Plaintiff's and the Class members' biometric identifiers through its biometric fingerprinting timeclocks.

47.     Plaintiff's and the Class members' fingerprints collected, captured, and obtained by Defendant are by definition "biometric information" as per BIPA because Defendant used those biometric identifiers to identify Plaintiff and Class members for the purposes of clocking in and out as employees of Defendant. *See id.*

48.     Defendant collected, captured, obtained, used, and stored Plaintiff's and the Class members' biometric information and identifiers without first obtaining the written release required by Section 15(b) of BIPA.

49.     As alleged and shown above, Defendant did not inform Plaintiff or the Class members in writing that their biometric identifiers or information were being collected, stored, and used as required by Section 15(b) of BIPA.

50.     As alleged and shown above, Defendant did not inform Plaintiff or the Class members in writing of the specific purpose and length for which their fingerprints or other information was being collected, stored, and used, as required by Section 15(b) of BIPA.

FILED DATE: 4/3/2020 1:36 PM   2020CH03691

51.     Defendant is liable for violations under BIPA by collecting, capturing, obtaining, storing, and using Plaintiff's and the Class members' biometric identifiers and information as described herein, SP Plus Corporation violated Plaintiff's and the Class members' rights to privacy in their biometric identifiers or information as plainly stated within BIPA, 740 ILCS 14/1 *et seq.*

52.     SP Plus Corporation's violations of Section 15(b) of BIPA were intentional and reckless because SP Plus is headquartered, employs hundreds of employees within Illinois, and is actively counseled by attorneys familiar with Illinois law. BIPA has been law in Illinois since 2008, so SP Plus has had ample opportunity to follow the law as required, and intentionally chose not to do so.

53.     Alternatively, SP Plus's violations of Section 15(b) of BIPA were negligent because SP Plus failed to meet any applicable standard of care in ensuring that its members were informed and consented to the collection, storage, and use of their biometric information and biometric identifiers.

54.     As a result of defendant's violations of §15(b) of the BIPA, plaintiff seeks the following relief individually and on behalf of the Class: (l) injunctive and equitable relief pursuant to 740 ILCS 14/20(4) requiring Defendant to comply with the BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as alleged herein; (2) statutory damages of $5,000 for each intentional or reckless violation of the BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000 per negligent violation of the BIPA pursuant to 740 ILCS 14/20(1); and (3) reasonable attorneys' fees and costs expenses pursuant to 740 ILCS 14/20(3).

FILED DATE: 4/3/2020 1:36 PM   2020CH03691

**SECOND CAUSE OF ACTION**
**Violations of the Illinois Biometric Information Privacy Act**
**740 ILCS 14/15(a)**
**(On Behalf of Plaintiff and the Class)**

55.     Plaintiff realleges and incorporates by reference the allegations contained in the

preceding paragraphs as though fully set forth herein.

56.     Section 15(a) of BIPA requires:

> A private entity in possession of biometric identifiers or biometric information must
> develop a written policy, made available to the public, establishing a retention
> schedule and guidelines for permanently destroying biometric identifiers and
> biometric information when the initial purpose for collecting or obtaining such
> identifiers or information has been satisfied or within 3 years of the individual's
> last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

57.     Defendant has failed to provide any sort of publicly available retention schedule

or guidelines for permanently destroying its users' biometric identifiers and biometric

information as required by BIPA. Consequently, Defendant has violated Section 15(a) of BIPA.

As previously stated, this cause of action results in Defendant's violations of Section 15(a) of the

BIPA to be seen as intentional or reckless, or in the alternative, negligent.

58.     As a result of Defendant's repeated violations of Section 15(a) of BIPA, plaintiff

seeks he following relief individually and on behalf of the Class: (l) injunctive and equitable

relief pursuant to 740 ILCS 14/20(4) requiring SP Plus to comply with §15(a) of the BIPA's

requirement to establish and provide a publicly available retention schedule or guidelines for

permanently destroying its users' biometric identifiers and biometric information; (2) statutory

damages of $5,000 for each intentional or reckless violation of §15(a) of the BIPA pursuant to

740 ILCS 14/20(2), or alternatively, statutory damages of $1,000 per negligent violation of

14

§15(a) of the BIPA pursuant to 740 ILCS 14/20(1); and (3) reasonable attorneys' fees and costs expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing Woodrow & Peluso, LLC as Class Counsel;

b) An award of statutory damages of $5,000 for each intentional or reckless violation of the BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000 per negligent violation of the BIPA pursuant to 740 ILCS 14/20(1) to be paid into a common fund for the benefit of Plaintiff and the Class;

c) An order declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/1, *et seq*;

d) An order awarding injunctive and equitable relief pursuant to 740 ILCS 14/20(4) requiring SP Plus Corporation to comply with the BIPA by providing a publicly available retention schedule or guidelines for permanently destroying its users' biometric identifiers and biometric information and forcing Defendant to stop collecting, storing, and using plaintiff's and the Class members' biometric identifiers and biometric information without first obtaining their informed written consent;

e) Awarding any further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

15

FILED DATE: 4/3/2020 1:36 PM    2020CH03691

Dated: April 3, 2020

Respectfully submitted,


MICHAEL MARZETTE,

/s/ Marc E. McCallister
One of his attorneys

Marc E. McCallister
mem@mccallisterlawgroup.com
Gary D. McCallister
gdm@mccallisterlawgroup.com
McCallister Law Group
200 North LaSalle Street, Suite 2150
Chicago, IL 60601
Attorney No.: 59509
(312) 345-0611

Steven L. Woodrow
swoodrow@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Tel: 720-213-0675
Fax: 303-927-0809
*Attorneys for Plaintiff and the Class*

16